1  DENNIS M. COTA, Bar No. 127992
   CAROLYN J. FRANK, Bar No. 245479
2  JAMES D. MAYNARD, Bar No. 244844
   COTA COLE LLP
3  2261 Lava Ridge Court
   Roseville, CA  95661
4  Telephone:     (916) 780-9009
   Facsimile:      (916) 780-9050
5
   Attorneys for Defendants
6  COUNTY OF MADERA and
   MICHAEL KEITZ
7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10 | KAREN MITCHELL and TONI LINDSEY, | Case No.  1:10-cv-01405-LJO-DLB
11 | Plaintiffs, | **STIPULATION AND PROTECTIVE ORDER**
12 | v. |
13 | COUNTY OF MADERA and MICHAEL KEITZ, |
14 |   |
15 | Defendants. |

1      WHEREAS, discovery in the above-entitled action may involve reference to certain
2 confidential personnel information, disclosure of which might impair privacy rights, such
3 information including, but not limited to, employee evaluations, personnel files, and disciplinary
4 actions shall hereinafter be referred to as "CONFIDENTIAL,"
5      IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto
6 through their respective counsel of record that the following Order be executed and entered
7 forthwith:
8      IT IS HEREBY ORDERED, upon consent of the parties, that they and their attorneys treat
9 such "CONFIDENTIAL" materials in a manner consistent with the protective provisions set forth
10 below:
11      1.     Whenever the parties produce or disclose any documents that the producing party
12 wishes to be subject to this Protective Order, the producing party may designate the same or any
13 portion of the same as "CONFIDENTIAL."
14      2.     Any information submitted in this proceeding either voluntarily or pursuant to
15 order of this Court must be clearly marked by either party as "CONFIDENTIAL," to be subject to
16 this Order.  Documents consisting of more than one page in which the subject matter is
17 integrated, such as records, reports, letters, etc., shall bear the "CONFIDENTIAL" marking on the
18 first page of each such document and so shall designate the entire document as confidential.
19      3.     <u>Production of Documents</u>:  In the event the parties elect to produce files and
20 records for inspection and the inspecting party desires to inspect them, confidential documents
21 shall be designated "CONFIDENTIAL."
22      4.     With respect to depositions, parties shall have fourteen working days after the
23 receipt of the deposition transcripts within which to inform the other parties to the action which
24 portions of the transcript are to be designated as "CONFIDENTIAL."  Until such time has
25 elapsed, deposition transcripts are to be considered as marked "CONFIDENTIAL" in their
26 entirety.  In the event the transcript is received within three weeks of the date of the trial, a party
27 shall have half of the time remaining until the date of the trial to designate a transcript
28 "CONFIDENTIAL."  Any party objecting thereto shall have half of the time until trial remaining

1 upon receipt of the designation, or until two days prior to trial, to object thereto in writing to the
2 designation, whichever occurs first; and the designating party shall have until the date of trial to
3 move the Court for an order regarding the confidentiality of the transcript.  Until such time has
4 elapsed, deposition transcripts are to be considered as marked "CONFIDENTIAL" in their
5 entirety.

6      5. <u>Use of Confidential Information</u>:  No matter designated as "CONFIDENTIAL"
7 shall be disclosed by the receiving party to anyone other than persons designated herein and shall
8 be handled in the manner set forth below, and in any event, shall not be used for any purpose
9 other than in connection with this litigation, unless and until such designation is removed either
10 by agreement of counsel for the parties or by order of the Court.  The receiving party shall not
11 disclose any documents marked "CONFIDENTIAL," its contents, or the organization of items
12 marked "CONFIDENTIAL" to any person not subject to this Order.

13      6. <u>Access to Confidential Order</u>:  Documents and deposition transcripts designated
14 "CONFIDENTIAL" shall in the absence of permission from the producing party or any order of
15 the Court, be disclosed by the receiving party to only the following:

16      (a) Counsel for such parties, including their associates, clerks, secretarial and
17      clerical personnel;
18      (b) Qualified persons taking testimony involving such information and
19      necessary stenographic and clerical personnel thereof;
20      (c) Experts and their staff who must be consulted by counsel for the receiving
21      party;
22      (d) Parties to the litigation;
23      (e) Witnesses at deposition or trial; and
24      (f) The Judge and Jury.

25      7. Material designated "CONFIDENTIAL" shall not be disclosed to any person
26 designated in paragraph 6 (a) through (e) until he/she has been advised of the existence of this
27 Protective Order and acknowledged in writing acceptance of the terms herein.

28

1    8.    All material designated "CONFIDENTIAL" by the parties and any and all
2 reproductions and summaries thereof or memoranda relating thereto, shall be retained by the
3 receiving party in the custody of counsel of record, or by experts and their staff who must be
4 retained and consulted by counsel of record, or by the Judge and Jury and by each of them.

5    9.    <u>Filing with Court</u>:  Any documents produced in discovery, answers to
6 interrogatories, and deposition transcripts which are designated "CONFIDENTIAL" and which
7 are filed with the Court shall be filed in a sealed envelope at the expense of the producing party
8 and marked on the outside with the title of the action, and identification of each document within
9 and a statement substantially in the following form:

> "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER."
> This envelope [or container] containing the above-identified
> materials filed by [name of party] is not to be opened nor the
> contents thereof be displayed or revealed except as provided for in
> the Protective Order; or by court order, or by agreement of the
> parties."

10.    <u>Unauthorized Use</u>:  If information designated "CONFIDENTIAL" is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall, as soon as possible, bring all pertinent facts relating to such disclosure to the attention of the producing party and the Court immediately.  Without prejudice to other rights and remedies of the producing party, the disclosing party shall make every effort to prevent further disclosure on its own part or on the part of the person who was the recipient of such information.

11.    <u>Return of Confidential Information</u>:  Within thirty days of the termination of this litigation, whether by settlement or by trial on the merits, each party that is subject to this Order shall assemble and return all items designated "CONFIDENTIAL," including all copies of such matter which may have been made, regardless of whether the items are duplicates of materials received from sources not subject to this Protective Order, but not including copies containing notes or other attorney's work product that may have been placed thereon for the receiving party. All copies containing notes or other attorney's work product may be retained by the receiving attorney subject to the terms of this Protective Order.  The attorney shall provide a written certification that all such copies have been destroyed in accordance with the request by the

1 producing party. Receipt of material returned shall be acknowledged in writing.

2     12.   <u>Objection to Designation</u>: Neither the taking of any action in accordance with the
3 provisions of this Protective Order, nor the failure to object thereto, shall be interpreted as a
4 waiver of any claim or defense in this action. Moreover, the failure to designate information in
5 accordance with this Order shall not preclude the filing of a motion at a later date seeking to
6 impose such designation, if such motion is filed no later than within seven working days
7 following the close of discovery.

8     13.   The entry of this Order shall not be interpreted as a waiver of any right to object to
9 the furnishing of information in response to discovery or to object to a requested inspection of
10 documents or facilities and, except as expressly provided, shall not relieve any party of the
11 obligation of producing information in the course of discovery.

12     14.   A party receiving an item which has been designated "CONFIDENTIAL" may
13 object in writing to such designation within thirty days of the date of receipt of the item. The
14 producing party shall have twenty-one days from the date of receipt of such written objection to
15 move the Court for an order upholding the "CONFIDENTIAL" status of such items, and failure
16 to so move shall constitute a waiver of the designation of the status of such item as
17 "CONFIDENTIAL." During the pendency of such motion such item involved shall be treated in
18 accordance with its designated status of "CONFIDENTIAL."

19

20 Dated: June 23, 2011                          COTA COLE LLP

21

22                                            By: /s/ Dennis M. Cota
                                                 Dennis M. Cota
23                                                  Carolyn J. Frank
                                                 James D. Maynard
24                                                  Attorneys for Defendants
                                                 COUNTY OF MADERA and MICHAEL
25                                                  KEITZ

26 ///

27 ///

28 ///

| | |
|---|---|
| Dated: June 23, 2011 | PENNER, BRADLEY & SIMONIAN |
| | By: /s/ Peter S. Bradley |
| | Peter S. Bradley |
| | Attorneys for Plaintiffs |
| | KAREN MITCHELL and TONI LINDSEY |

## **ORDER**

IT IS SO ORDERED in accordance with the above Stipulation. Any party seeking to file documents which are subject to this Protective Order with the Court shall comply with Local Rule of practice for the Eastern District of California Rule 141.

IT IS SO ORDERED.

Dated:  **June 24, 2011**               /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE